IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALLIE S.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 6523 |
| v. ) | |
| ) | Magistrate Judge |
| LELAND DUDEK, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sallie S.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Leland Dudek is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On April 23, 2015, Plaintiff filed an application for DIB, alleging disability since May 20, 2014. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On November 6, 2017, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

Plaintiff filed a civil action, the parties filed an agreed motion for remand to the ALJ on August 30, 2019, and the Appeals Counsel remanded the case. On remand, additional hearings were held, and the ALJ again issued an unfavorable decision on February 25, 2021. The Appeals Council again remanded the case on April 19, 2021. On the second remand, the ALJ held another hearing and again issued an unfavorable decision on August 31, 2021. The Appeals Council remanded again. On the third remand, the ALJ held another hearing and issued an unfavorable decision on January 11, 2023. Plaintiff then filed the instant action. For the reasons set forth below, this Court orders Plaintiff's case be remanded to the ALJ a fourth time.

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of May 20, 2014 through her date last insured of March 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: status post subacute cerebrovascular accident in 2015; coronary artery disease; insulin dependent diabetes mellitus; hypertension; obstructive sleep apnea; peripheral neuropathy; hyperglycemia; and obesity. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: Plaintiff (1) can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; (2) can frequently push, pull, and operate foot controls with the right lower extremity; (3) can frequently handle with the right upper extremity; (4) can occasionally balance, stoop, kneel, crouch, and crawl; (5) must avoid exposure to unprotected heights and moving mechanical parts; and (6) can occasionally operate commercial motor vehicles.

At step four, the ALJ concluded that Plaintiff could perform her past relevant work as an administrative assistant and a customer service representative. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act without reaching step five.

**DISCUSSION**

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps one through four. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

5

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

6

Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's evaluation of Plaintiff's symptoms was not supported by substantial evidence; (2) the ALJ erred in affording little evidentiary weight to Plaintiff's treating cardiologist's medical opinions; (3) the ALJ's RFC assessment was not supported by substantial evidence; and (4) the ALJ should have only considered Plaintiff's past relevant work for the last five years instead of the last fifteen years in light of the SSA's rule change effective June 22, 2024.

In advancing her first argument, Plaintiff contends that the ALJ erred in not considering Plaintiff's claim that she needs to nap one to two times per day for up to three hours due to frequent drowsiness. Defendant responds that Plaintiff failed to point to any medical records or opinions supporting her contention and that the ALJ did acknowledge Plaintiff's complaints of fatigue.

Courts in this district have repeatedly emphasized that an ALJ must not only acknowledge a claimant's napping requirement but must analyze that requirement. *See, e.g., Jennifer S. v. Kijakazi*, No. 22 C 6491, 2023 U.S. Dist. LEXIS 144187, *10 (N.D. Ill. Aug. 17, 2023) ("[T]he ALJ acknowledged Plaintiff's reports that she would take a nap during the day. However, the ALJ did not actually analyze Plaintiff's napping requirements in any manner."); *Balbina K. v. Kijakazi*, No. 20 C 5078, 2022

U.S. Dist. LEXIS 101413, *7 (N.D. Ill. June 7, 2022) (An ALJ errs if she leaves "unaddressed Plaintiff's reports she consistently needed to nap during the day"); *Brazitis v. Astrue*, No. 11 C 7993, 2013 U.S. Dist. LEXIS 4865, *15 (N.D. Ill. Jan. 11, 2013) ("The ALJ never explained how someone who requires a one-to-two hour midday nap can work a full-time job.").

Here, the ALJ did not even acknowledge Plaintiff's alleged napping requirement, let alone analyze it. It is true that the ALJ acknowledged Plaintiff's alleged physical fatigue in her decision, but physical fatigue is not the same as needing to nap due to drowsiness. To the extent Defendant argues that Plaintiff's alleged need to nap is not supported by the medical record, Defendant may not rely on a post hoc rationale that does not appear in the ALJ's decision. *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)). While this Court may not reevaluate facts, reweigh evidence, resolve conflicts in evidence, or decide questions of credibility, *Skinner*, 478 F.3d at 841, the ALJ must weigh the evidence in the first instance and provide an explanation sufficient to allow the Court to assess the validity of the ALJ's findings. *Warnell*, 97 F.4th at 1054. The ALJ failed to do so here with respect to Plaintiff's alleged napping requirement.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes

8

the Commissioner that, on remand, special care should be taken to ensure that the ALJ's evaluation of all of Plaintiff's symptoms is supported by substantial evidence; the ALJ affords proper evidentiary weight to Plaintiff's treating physicians' medical opinions; the ALJ's RFC assessment was is supported by substantial evidence; and the ALJ considers the proper temporal scope of Plaintiff's past relevant work.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:  April 21, 2025**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**